adverse to appellant's position is *res judicata*. *Schiro, supra*. We find no error.

Appellant contends that the trial court improperly instructed the jury on the element of intent. Appellant failed to raise this issue on appeal or in the motion to correct error and now asserts this issue as fundamental error. Notwithstanding appellant's waiver of the issue, we find that Instruction 11 covered the issue of intent. We find no error.

 Appellant claims that fundamental error exists on each of the questions raised above. Fundamental error is characterized as error which constitutes a clear, blatant violation of basic and elementary principles, and the resulting harm or potential for harm must be substantial. *Hensley v. State* (1986), Ind., 499 N.E.2d 1125. A claim characterized solely as fundamental error is available only on appeal and is raised when there has been a failure to assign an error which is so egregious that it must be decided by the appellate court because of its fundamental nature. *Bailey, supra*. In the case at bar, we cannot perceive that any of appellant's allegations discussed above rise to the stature of fundamental error.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.

of Fact and Recommends that the Petitioner, Ronald V. Aungst, be reinstated to the practice of law for so long as he strictly complies with the schedule of payment of costs set out by this Court and furnishes proof of such compliance to the Commission.

And this Court, being duly advised, now finds that the Commission's recommendation should be approved and that the Petitioner should be reinstated subject to his continued payment of costs as set out by this Court.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Petitioner, Ronald V. Aungst, is hereby reinstated as an attorney at the Bar of this Court, effective immediately but subject to his payment of costs as previously set out by this Court and his furnishing proof of compliance to the Indiana Supreme Court Disciplinary Commission.

The Clerk of this Court is directed to forward a copy of this order to the Indiana Supreme Court Disciplinary Commission, to the Petitioner, to the State Board of Law Examiners, and to all parties who were previously notified of Petitioner's suspension.

DONE.

All Justices concur.

**In the Matter of Ronald V. AUNGST.**

**No. 481S118.**

Supreme Court of Indiana.

May 10, 1990.

ORDER OF REINSTATEMENT

Comes now the Indiana Supreme Court Disciplinary Commission, files its Findings

**Ernest SHERON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8706–CR–619.**

Supreme Court of Indiana.

May 15, 1990.